UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00029-JRS-MJD-18 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ALTON BROWN, SR. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cr-00029-JRS-MJD |
| | ) |
| ALTON BROWN, SR., | ) -18 |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Alton Brown, Sr. has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1572. For the reasons explained below, his motion is **DENIED**.

### I.     Background

In August 2020, Mr. Brown pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 1015 at 1. Mr. Brown faced a guidelines range of 120 to 124 months of imprisonment. Dkt. 731. The Court sentenced him to 121 months of imprisonment followed by 5 years of supervised release. Dkt. 1015 at 2–3. Thereafter, Mr. Brown's guidelines range was reduced by a retroactive amendment to the sentencing guidelines, and the Court reduced his sentence to 120 months. Dkts. 1581, 1584. The Bureau of Prisons ("BOP") currently reports Mr. Brown's anticipated release date (with good-conduct time included) as April 28, 2027. https://www.bop.gov/inmateloc/ (last visited August 23, 2024).

Mr. Brown has filed a motion for compassionate release *pro se*. Dkt. 1572. Mr. Brown requests that he be placed on home confinement and argues that he will succeed if released because

2

he has engaged in programming while in BOP and has a family support system. *Id.* at 1–2. The Court has concluded that it can resolve the motions without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Brown asks to be released to home confinement. However, the Court does not have authority to alter Mr. Brown's placement in the BOP. The BOP has plenary authority to determine the placement of inmates. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). A compassionate release motion to this Court therefore cannot provide a vehicle for Mr. Brown to change his placement to home confinement. For this reason, Mr. Brown's motion must be denied.

Even if the court did have authority to release Mr. Brown to home confinement, he has not met his burden to show that extraordinary and compelling reasons for release exist. He argues only that he has engaged in programming while in BOP and has family support if released. Dkt. 1572 at 1–2. These reasons amount to arguing that he should be released because of his rehabilitation. While the strides Mr. Brown has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). The Court does not find that Defendant's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not have the authority to change Mr. Brown's placement to home detention through the compassionate release vehicle, and he has not satisfied the requirements of compassionate release even if the Court had such authority. Given these determinations, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Brown's motion for compassionate release, dkt. [1572], is **denied**.

**IT IS SO ORDERED.**

Date: 09/16/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Alton Brown
Register Number: 16887-028
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501